J-S12002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.J., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: D.P., MATERNAL | : | |
| GRANDPARENT | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2066 EDA 2019 |

Appeal from the Order Entered June 20, 2019
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-DP-1000097-2016

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY SHOGAN, J.:                     Filed: April 15, 2020

Appellant, D.P., the maternal grandparent of N.J. ("the Child"),[1] appeals from the order entered on June 20, 2019, that denied Appellant's petition to intervene in the Child's dependency proceedings.  After review, we remand for further proceedings.

The dependency court summarized the relevant facts and procedural history of this matter as follows:

> On March 13, 2018, Appellant filed a Petition to Intervene which was denied by the court. Appellant thereafter acquired new counsel. Rather than filing a Notice of Appeal challenging the March 13, 2018 Order, Appellant's new counsel chose to file a Petition for Reconsideration. The gist of this petition was to

---

* Retired Senior Judge assigned to the Superior Court.

[1] The Child was born in October of 2015.  Docket Entries (Child Information), at 1/59; Appellant's Petition to Intervene, 6/11/19, at ¶3(a).

request the court to reconsider its decision [from] March 13, 2018. The court denied Appellant's Petition for Reconsideration on June 11, 2018. Appellant's counsel thereafter filed a Notice of Appeal on September 14, 2018[,] after the court afforded the Appellant Nunc Pro Tunc Relief permitting Appellant to file an appeal well beyond the thirty[-]day deadline because the Philadelphia Family Court administration never sent Appellant a copy of the June 11, 2018 Order. The Appellant was not afforded Nunc Pro Tunc Relief in reference to the March 13, 2018 Order. This particular appeal was styled as In the Interest of: N.M.J. a/k/a N.J., a Minor, 2724 EDA 2018[,] and [it] was dismissed without a decision by the Superior Court on November 16, 2018, based upon Appellant's failure to [file a docketing statement pursuant to Pa.R.A.P. 3517].

Appellant subsequently filed a second Motion to Intervene on July 11, 2019. Appellant's arguments were identical to those articulated in the year of 2018 so this court denied the Motion to Intervene. It has come to the attention of the trial court that the underlying Motion to Intervene should have been sent not to this trial court but should have been ruled upon by Judge Gordon because the matter was under the jurisdiction of the adoption court at the time[,] despite the fact the underlying Motion to Intervene was sent to this trial court and relates back to issues that happened when the case was under its jurisdiction in 2018. Consequently, it is requested that this matter be remanded to this trial court so that the underlying order may be vacated and the underlying Motion to Intervene be transferred to Judge Gordon for review.

Dependency Court Opinion, 10/8/19, at 1-2.

Despite the dependency court's request for remand, the Philadelphia Department of Human Services ("DHS") asserts that it was not required to conduct "family finding" or investigate "kinship care" relative to Appellant's petition to intervene in the dependency proceedings because the Child is in pre-adoptive placement, and court proceedings for adoption have begun. DHS's Brief at 13 (citing 67 Pa.C.S. § 3104). Therefore, DHS avers the requirements of "family finding" and "kinship care," which are set forth in 67

Pa.C.S. §§ 3101-3103, are moot. DHS's Brief at 13. Moreover, DHS states that the dependency court's initial denial of Appellant's petition to intervene is *res judicata* with respect to the second petition. ***Id.*** at 14.

In attempting to review the proceedings in this matter, we are faced with a certified record that is meager. When this case was first appealed, DHS filed an "Application: (1) to remand incorrectly transmitted trial court record; (2) to strike Appellant's brief; [and] (3) for an order directing Appellant to return impermissibly obtained confidential child welfare records." Application, 11/14/19. On December 4, 2019, this Court entered on order directing as follows:

> 1. Appellant's brief is **STRICKEN**.
>
> 2. The briefing schedule is suspended.
>
> 3. Appellant is directed to return to the Philadelphia Court of Common Pleas the confidential child welfare records, and copies of any such records, including all transcripts in her possession.
>
> 4. The record is remanded to the trial court for (7) seven days for removal of the confidential child welfare records and transcripts.
>
> 5. The Prothonotary of this Court is directed to send a copy of this order to the Honorable Vincent W. Furlong and attach a copy of this motion.
>
> 6. The briefing schedule shall be reset upon the filing of the proper trial court record with this Court, at that time appellant is directed to file a new brief that does not reference confidential information.

Order, 12/4/19. When the record was returned to this Court, it consisted of a list of docket entries, a few documents that were filed by Appellant, a notice

of appeal, and the dependency court's October 8, 2019 opinion. The dearth of information contained in this record precludes a decision on the merits.

We note that "the polestar of all dependency proceedings" is the best interests of the child. *In re J.S.*, 980 A.2d 117, 121 (Pa. Super. 2009). Bearing that principle in mind, and in the interests of judicial economy, we conclude that the most expeditious way to protect the rights of all parties is to remand this matter as requested by the dependency court. Accordingly, we hereby remand this matter to the dependency court for further proceedings.

Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/20